# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ARTELIA PHELPS, | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. 1:21-cv-267 |
| v. | ) |
| | ) CEA/SKL |
| DILLARD'S, INC., | ) |
| | ) JURY DEMANDED |
| Defendant. | ) |

## ANSWER OF DILLARD TENNESSEE OPERATING LIMITED PARTNERSHIP

Defendant, Dillard Tennessee Operating Limited Partnership, a Tennessee Limited Partnership d/b/a Dillard's, incorrectly named in this action as Dillard's Inc., ("Dillard's" or "Defendant"),[1] by and through its undersigned counsel, and in response to each and every allegation contained in the Complaint files this Answer as follows:

### NATURE OF THE ACTION

1. Dillard's denies the allegations in Paragraph 1.

### PARTIES

2. Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in Paragraph 2 and, for that reason, Dillard's denies those allegations.

3. Dillard's admits the allegations in sentence 1 of Paragraph 3. Dillard's denies the allegations in sentence 2 of Paragraph 3.

---

[1] Plaintiff has improperly named Dillard's Inc. Dillard's Inc. is not the owner of the property where the alleged incident occurred.

4. Dillard's admits the allegations in sentence 1 of Paragraph 4. Dillard's denies the allegations in sentence 2 of Paragraph 4, because Dillard Tennessee Operating Limited Partnership owned and operated the Dillard's storefront at Hamilton Place Mall at all pertinent times.

## JURISDICTION AND VENUE

5. With respect to Paragraph 5, Dillard's admits this Court has jurisdiction.

6. With respect to Paragraph 6, Dillard's admits this Court has jurisdiction.

7. With respect to sentence 1 of Paragraph 7, Dillard's admits this Court has jurisdiction predicated on diversity of citizenship. With respect to sentence 2 of Paragraph 7, Dillard's denies such allegations, in part, because Dillard Tennessee Operating Limited Partnership owned and operated the Dillard's storefront at Hamilton Place Mall at all pertinent times not Dillard's Inc. Dillard Tennessee Operating Limited Partnership is domiciled in Arkansas and Delaware. With respect to the remaining allegations in sentence 2 of Paragraph 7, Dillard's admits this is a suit for damages in excess of $75,000. Dillard's, however, denies Plaintiff is entitled to any damages.

8. With respect to Paragraph 8, Dillard's admits venue is appropriate with this Court.

## GENERAL ALLEGATIONS

9. With respect to sentence 1 of Paragraph 9, Dillard's admits Ms. Phelps was on the premises of Dillard's Chattanooga storefront (the "Department Store"). With respect to the remaining portion of sentence 1 of Paragraph 9 about whether Ms. Phelps was "lawfully present" on the premises, such statement contains a legal conclusion that requires no response. To the extent that such a response is required, Dillard's admits, upon information and belief, Ms. Phelps was lawfully present at the Department Store. With respect to sentence 2 of Paragraph 9, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations

regarding the purpose of Ms. Phelps' visit to the Department Store and, for that reason, Dillard's denies those allegations. With respect to the remaining portion of sentence 2 of Paragraph 9 about an alleged duty Dillard's owed to Ms. Phelps, such statement contains a legal conclusion that requires no response. To the extent that such a response is required, Dillard's denies the remaining allegations in sentence 2 of Paragraph 9.

10.     Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in Paragraph 10 regarding the employment status of the vaguely referenced people in Paragraph 10 and, for that reason, Dillard's denies those allegations.

11.     With respect to sentence 1 of Paragraph 11, Dillard's admits Ms. Phelps went to the Department Store on November 3, 2020 at which time she was accompanied by another woman. With respect to the remaining allegations in sentence 1 of Paragraph 11, including, but not limited to, the familial status between Ms. Phelps and the woman with whom she was shopping and the purpose of their visit, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in Paragraph 11 and, for that reason, Dillard's denies those allegations. Dillard's admits the allegations in sentence 2 of Paragraph 11.

12.     With respect to sentence 1 of Paragraph 12, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentence 1 of Paragraph 12 and, for that reason, Dillard's denies those allegations. With respect to sentence 2 of Paragraph 12, Dillard's admits on November 3, 2020, that a Dillard's salesperson approached the two women while they were in the Department Store but Dillard's is without sufficient information to form a belief of the truth of the allegations in Paragraph 12 about whether that occurred immediately after the allegations claimed in sentence 1 of Paragraph 12 and, for that reason, Dillard's denies those allegations.

13.     Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentences 1 and 2 of Paragraph 13 and, for that reason, Dillard's denies those allegations.

14.     With respect to sentence 1 of Paragraph 14, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations. Dillard's denies the allegations in sentence 2 of Paragraph 14. With respect to sentence 3 of Paragraph 14, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations.

15.     With respect to sentences 1 through 3 of Paragraph 15, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations. Dillard's denies the allegations in sentence 4 of Paragraph 15.

16.     Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentences 1 and 2 of Paragraph 16 and, for that reason, Dillard's denies those allegations.

17.     With respect to sentence 1 of Paragraph 17, Dillard's admits on November 3, 2020, that a female Chattanooga Police Department officer and Dillard's employees approached Ms. Phelps, but Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in this sentence about the sequence of events to which Ms. Phelps vaguely refers and, for that reason, Dillard's denies those allegations. Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in this sentence and for that reason Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself.

18.     With respect to sentence 1 of Paragraph 18, Dillard's denies that any employee was aggressive toward Ms. Phelps. With respect to the remaining allegations in sentence 1 of Paragraph 18 and sentence 2 of Paragraph 18, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself.

19.     Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentence 1 and sentence 2 of Paragraph 19, and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself.

20.     Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentence 1 and sentence 2 of Paragraph 20, and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself.

21.     Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentences 1 and 2 of Paragraph 21 and, for that reason, Dillard's denies those allegations.

22.     With respect to sentence 1 of Paragraph 22, Dillard's admits that on November 3, 2020, clothing "tags" were identified off of clothes while Ms. Phelps was in the Department Store. With respect to the remaining allegations in sentence 1 of Paragraph 22, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself. With respect to

sentence 2 of Paragraph 22, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations. Dillard's denies the allegations in sentence 3 of Paragraph 22.

23. With respect to sentence 1 of Paragraph 23, Dillard's admits that it had probable cause to suspect that Ms. Phelps had committed or was attempting to commit the offense of theft and communicated that to her. With respect to the timing of that communication or which of the people informed Ms. Phelps of that information as outlined in sentence 1 of Paragraph 23, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself. With respect to sentence 2 of Paragraph 23, Dillard's admits that on November 3, 2020, Ms. Phelps exited the dressing room to the main part of the Department Store but is without knowledge or information sufficient to form a belief of the truth of the allegations about the sequence of events as alleged in sentence 2 and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself.

24. With respect to sentence 1 of Paragraph 24, Dillard's admits that the CPD officer placed Ms. Phelps in handcuffs on November 3, 2020. With respect to the racial identity of the other customers and employees at Dillard's on that date as alleged in sentence 1 of Paragraph 24, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations. All other allegations in sentence 1 of Paragraph 24 are denied. With respect to sentence 2 of Paragraph 24, Dillard's admits that

Ms. Phelps was placed in handcuffs by the CPD officer. All other allegations in sentence 2 of Paragraph 24 are denied.

25. Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentence 1 of Paragraph 25 and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself. Dillard's denies the allegations in sentence 2 of Paragraph 25.

26. Dillard's denies the allegations in sentence 1 of Paragraph 26. Dillard's denies the allegations in sentence 2 of Paragraph 26. Dillard's denies the allegations in sentence 3 of Paragraph 26.

27. With respect to sentence 1 of Paragraph 27, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself. With respect to sentence 2 of Paragraph 27, Dillard's denies that the CPD officer acted inappropriately at any relevant time. With respect to the remaining allegations in sentence 2 of Paragraph 27, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself.

28. With respect to sentences 1 and 2 of Paragraph 28, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations.

29. The allegations in sentence 1 of Paragraph 29 are denied to the extent they allege a charade. With respect to sentence 2 of Paragraph 29, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself. With respect to sentence 3 of Paragraph 29, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations.

30. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 30.

31. Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in sentence 1 of Paragraph 31 and, for that reason, Dillard's denies those allegations but avers that to the extent such statements and events are recorded through video or sound recording, the recording speaks for itself. With respect to sentence 2 of Paragraph 31, it is admitted that the CPD officer removed the handcuffs from Ms. Phelps on November 3, 2020. Dillard's denies the remaining allegations in sentence 2 of Paragraph 31.

32. Dillard's denies the allegations in sentence 1 of Paragraph 32. With respect to sentence 2 of Paragraph 32, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations.

33. Dillard's admits the allegations in Paragraph 33.

34. Dillard's admits the allegations in Paragraph 34.

35. Dillard's admits the allegations in Paragraph 35.

36. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 36.

37. With respect to Paragraph 37, Dillard's admits that Ms. Phelps and the woman with whom she was shopping left the Department Store on November 3, 2020. With respect to the remaining allegations in Paragraph 37, Dillard's denies those allegations.

38. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 38.

39. Dillard's denies the allegations in Paragraph 39.

40. With respect to sentence 1 of Paragraph 40, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations about review of the surveillance cameras and, for that reason, Dillard's denies those allegations. Dillard's denies the remaining allegations in sentence 1 of Paragraph 40. With respect to sentence 2 of Paragraph 40, Dillard's admits that on November 3, 2020, it did not have probable cause to suspect that any other people other than Ms. Phelps and the woman with whom she was shopping had committed or was attempting to commit theft. With respect to sentence 2 of Paragraph 40, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations about the racial identity of the other Dillard's customers on November 3, 2020, and, for that reason, Dillard's denies those allegations. Dillard's denies all other allegations in sentence 2 of Paragraph 40.

41. With respect to sentences 1 through sentences 3 of Paragraph 41, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations and, for that reason, Dillard's denies those allegations.

42. Dillard's denies the allegations in Paragraph 42.

43. Dillard's denies the allegations in Paragraph 43.

9

## VICARIOUS LIABILITY

44. The allegations in Paragraph 44 call for a legal conclusion and therefore no response is required. To the extent that such a response is required, Dillard's admits the allegations in Paragraph 44.

45. The allegations in Paragraph 45 call for a legal conclusion and therefore no response is required. To the extent that such a response is required, Dillard's admits the allegations in Paragraph 45.

46. The allegations in Paragraph 46 call for a legal conclusion and therefore no response is required. To the extent that such a response is required, Dillard's denies the allegations in Paragraph 46.

## COUNT ONE: RACIAL DISCRIMINATION IN VIOLATION OF SECTION 1981

47. Dillard's incorporates its responses to the preceding paragraphs, as if each was set forth fully herein in its entirety.

48. Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in Paragraph 48 and, for that reason, Dillard's denies those allegations.

49. Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations in Paragraph 49 and, for that reason, Dillard's denies those allegations.

50. Dillard's denies the allegations in Paragraph 50.

51. Dillard's denies the allegations in Paragraph 51.

52. With respect to Paragraph 52, Dillard's admits that on November 3, 2020, it did not have probable cause to suspect that any other person other than Ms. Phelps and the woman with whom she was shopping had committed or was attempting to commit theft, thus no other customers were subjected to conduct similar to what Ms. Phelps experienced. With respect to the reference

to the racial identity of the other customers at Dillard's on November 3, 2020 made in Paragraph 52, Dillard's is without knowledge or information sufficient to form a belief of the truth of the allegations about the racial identity of the other Dillard's customers on November 3, 2020, and, for that reason, Dillard's denies those allegations. Dillard's denies all other allegations in Paragraph 52.

53. Dillard's denies the allegations in Paragraph 53.

54. Dillard's denies the allegations in Paragraph 54.

55. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 55.

56. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 56.

## PENDANT CAUSES OF ACTION

57. Dillard's incorporates its responses to the preceding paragraphs, as if each was set forth fully herein in its entirety.

### A. *Count Two: False Imprisonment at Common Law*

58. With respect to sentence 1 of Paragraph 58, Dillard's denies the allegations. With respect to sentence 2 of Paragraph 58, Dillard's admits the allegations. With respect to sentence 3 of Paragraph 58, Dillard's denies the allegations.

59. Dillard's denies the allegations in Paragraph 59.

60. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 60.

### B. *Count Three: Battery at Common Law*

61. Dillard's denies the allegations in Paragraph 61.

62. Dillard's denies the allegations in Paragraph 62.

63. Dillard's denies the allegations in Paragraph 63.

64. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 64.

### C. Count Four: Malicious Harassment under the Tennessee Human Rights Act

65. Dillard's denies the allegations in Paragraph 65.

66. Dillard's denies the allegations in Paragraph 66.

67. Dillard's denies the allegations in Paragraph 67.

### D. Count Six: Intentional Infliction of Emotional Distress at Common Law

68. Dillard's denies the allegations in Paragraph 68.

69. Dillard's denies the allegations in Paragraph 69.

70. With respect to the allegations in Paragraph 70, Dillard's denies that it did not have probable cause to suspect Ms. Phelps and the woman with whom she was shopping of theft. The remaining allegations in Paragraph 70 are also denied.

71. Dillard's denies the allegations in Paragraph 71.

72. Dillard's denies the allegations in Paragraph 72.

73. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 73.

### E. Count Seven: Invasion of Privacy through False-Light Publicity

74. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 74.

75. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 75.

76. Dillard's denies the allegations in Paragraph 76.

77. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 77.

### F. Count Eight: Negligent Infliction of Emotional Distress (Premises Liability)

78. Dillard's denies the allegations in Paragraph 78.

79. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 79.

80. With respect to sentence 1 of Paragraph 80, such sentence contains a legal conclusion that requires no response. To the extent a response is required, Dillard's did not breach

any duties owed to Ms. Phelps on November 3, 2020. With respect to sentence 2 of Paragraph 80, Dillard's denies it breached any duty owed to Ms. Phelps. All remaining allegations in Paragraph 80, if any, are denied.

81. The allegations in Paragraph 81 are denied.

82. The allegations in Paragraph 82 are denied.

### G. *Count Nine: Negligent Infliction of Emotional Distress (Hiring and Retention)*

83. Paragraph 83 calls for a legal conclusion and therefore no response is required. To the extent that such a response is required, Dillard's did not breach any duties owed to Ms. Phelps on November 3, 2020. All remaining allegations in Paragraph 83 are denied.

84. Dillard's denies the allegations in sentences 1 and 2 of Paragraph 84.

85. Dillard's denies the allegations in Paragraph 85.

86. Dillard's denies the allegations in Paragraph 86.

87. Dillard's denies the allegations in Paragraph 87, including subsections (A) through (H).

88. Any and all allegations in the Complaint not expressly admitted, denied, or explained herein are hereby expressly denied and strict proof is demanded.

### AFFIRMATIVE DEFENSES

Now having fully answered Plaintiff's Complaint, Dillard's pleads its affirmative defenses in this action as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted against Dillard's, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2. Plaintiff is not entitled to recover any damages from Dillard's, including, but not limited to, the damages alleged in the Complaint and in the Complaint's prayer for relief.

3. Dillard's did not engage in any negligence which caused or contributed to Plaintiff's alleged damages.

4. Dillard's denies that it breached any duty owed to Plaintiff.

5. Dillard's asserts and relies on all the defenses and protections afforded by the Tennessee Shopkeeper Privilege, Tennessee Code Annotated § 40-7-116, and other similar statutes.

6. Dillard's is not liable for any injuries Plaintiff suffered.

7. Dillard's denies that Plaintiff suffered any medical or psychological damages as a result of any of the actions alleged in the Complaint.

8. Dillard's was allowed to detain the Plaintiff on or off its premises because Dillard's had probable cause and reasonable grounds to believe based on the facts and circumstances known to Dillard's at the time that the Plaintiff had committed or was attempting to commit the offense of theft.

9. Dillard's detained Plaintiff for a reasonable period of time under all the circumstances.

10. Dillard's denies that its conduct was extreme, outrageous, or reckless under the circumstances.

11. Any decision made by Dillard's during the pertinent time was taken for lawful reasons having nothing to do with Plaintiff's race or skin color.

12. Dillard's denies that at any pertinent time it intentionally discriminated against Plaintiff on the basis of race or skin color.

13. With respect to Plaintiff's claim for punitive damages, Dillard's specifically incorporates by reference any and all procedural and substantive limitations regarding the

determination of liability for, and/or determination of the amount of, and/or the enforceability of such awards imposed or required by the Constitution of the State of Tennessee and/or Tennessee law, both pursuant to Tenn. Code Ann. § 29-39-104 and as interpreted by the Tennessee Supreme Court in the decisions of *McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686 (Tenn. 2020); *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992); *Culbreath v. First Tennessee Bank Nat'l Ass'n*, 44 S.W.3d 518 (Tenn. 2001*); Flax v. DaimlerChrysler Corp*., 272 S.W.3d 521 (Tenn. 2008).

14. Plaintiff is not entitled to punitive damages against Dillard's because Plaintiff cannot show Dillard's actions were with malice or reckless indifference such that punitive damages would be appropriate under any applicable law.

15. Dillard's reserves the right to serve additional affirmative defenses upon completion of discovery.

**AND NOW HAVING FULLY ANSWERED**, Dillard's prays:

1. that Plaintiff's Complaint be dismissed with prejudice;
2. that Dillard's recover its lawful costs and attorney's fees in this cause; or
3. alternatively, for a jury of twelve (12) persons to decide the issues when joined; and
4. for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By: s/Ashley B. Gibson_____
    Clarence Risin (BPR No. 16874)
    BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
    1600 West End Ave. Ste 2000
    Nashville, TN 37203
    (615) 726-5576
    crisin@bakerdonelson.com

Ashley B. Gibson (BPR No. 034140)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Phone: (423) 756-2010
abgibson@bakerdonelson.com

*Attorneys for Defendant*

16

Case 1:21-cv-00267-CEA-SKL   Document 11   Filed 12/27/21   Page 16 of 17
PageID #: 51

## CERTIFICATE OF SERVICE

I hereby certify that on the day of, December 27, 2021, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record and/or parties in interest:

Jacob Webster Brown
**Apperson Crump, PLC**
6000 Poplar Avenue, Suite 150
Memphis, TN 38119
jbrown@appersoncrump.com

Jasmine Rand, Esq.
**Rand Law, LLC**
2525 Ponce de Leon Boulevard, Suite 300
Miami, FL 33134
jasminerand@gmail.com

                                         **BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

                                         By: **s/Ashley B. Gibson_____**