IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ARTELIA PHELPS, | ) | |
| | ) | Case No. 1:21-cv-267 |
| *Plaintiff*, | ) | |
| | ) | Judge Charles E. Atchley |
| v. | ) | |
| | ) | Magistrate Judge Lee |
| DILLARD TENNESSEE OPERATING | ) | |
| LIMITED PARTNERSHIP d/b/a | ) | |
| DILLARD'S, | ) | |
| *Defendant*. | | |

### AGREED FINAL PRETRIAL ORDER

This Court conducted a Final Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 30, 2024. Bruce Smith, Jake Brown, William Faulk, and Sara McKinney appeared as counsel for the plaintiff and Clarence Risin, Ashely Gibson, and Brian Pike appeared as counsel for the defendant. The following action was taken:

**I.    Jurisdiction**

This is an action for common-law battery and false imprisonment. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332. The jurisdiction of the Court is disputed. Dillard's contests that the Plaintiff's claims do not support an amount in controversy exceeding $75,000.00.

**II.   Pleadings**

The pleadings are amended to conform to this pretrial order.

**III.  General Nature of the Claims of the Parties:**

a. **Claims:** The following claims have been filed:

  i.   False imprisonment at common law; and

  ii.  Battery at common law (offensive touching).

b. **Jointly Stipulated Facts:** The parties agree that the following fact is uncontroverted.

  i. The Plaintiff, Artelia Phelps, went to the Hamilton Mall storefront owned and operated by Defendant, Dillard Tennessee Operating Limited Partnership ("Dillard's") on November 3, 2020.

c. Plaintiff submits that the following facts are also uncontroverted, Dillard's disagrees.

  i. Ms. Phelps was handcuffed inside of Dillard's and searched on suspicion of shoplifting.

  ii. A Dillard's security officer reached inside Ms. Phelps' pants more than once to check the tag on the jeans Ms. Phelps was wearing.

  iii. Ms. Phelps was not wearing Dillard's jeans and was not in fact shoplifting.

d. **Plaintiff's Theory:**

  i. **False imprisonment:** Ms. Phelps contends that Dillard's, through its employees, unlawfully detained her. Dillard's employees lacked reasonable cause to suspect Ms. Phelps of shoplifting. They also detained her in an unreasonable manner, through unreasonable means, and using an excessive amount of force.

  ii. **Battery**: Ms. Phelps contends that Dillard's security officer intentionally and unlawfully made offensive physical contact with Ms. Phelps at several points during the encounter, including (1) handcuffing her, (2) patting her down for weapons, and (3) prodding her waist and reaching inside her pants.

e. **Defendant's Theory:** Dillard's denies Ms. Phelps' claims on the basis that it had probable cause to believe Ms. Phelps was stealing goods Dillard's sells and it detained

2

Case 1:21-cv-00267-CEA-SKL  Document 86  Filed 04/24/24  Page 2 of 6  PageID #: 695

Ms. Phelps in a reasonable manner and for a reasonable length of time with a reasonable amount of force to investigate the missing merchandise.

f. **All Other Parties' Claims:** No other parties have claims.

IV. <u>**Contested Issues of Law**</u>

The contested issue of law is:

*a.* Whether Ms. Phelps has a good-faith basis from which to claim at least $75,000 in damages.

V. <u>**Exhibits**</u>

The parties have disclosed all exhibits, except those they may use strictly for impeachment purposes, in accordance with Federal Rule of Civil Procedure 26(a)(3)(C).. All exhibits to be introduced shall be pre-marked in such a way as to allow the Court to determine which party is offering them. The parties have prepared a joint list of exhibits. The identification numbers used below correspond to the identification numbers used in the Joint Trial Exhibit List filed with the Court. The parties have endeavored to stipulate to the admissibility of all exhibits to the extent possible. The parties cannot stipulate to the admissibility of the following exhibits:

**As to authenticity only**: *The parties stipulate to the following exhibit as to authenticity only, reserving all other objections*:

**Defendant 5**: Dillard's store security video recordings from the date of the alleged incident.

**Subject to Entry of Protective Order**: *The parties stipulate to the admissibility of the following exhibits, subject to the Court's approval and entry of a joint protective order:*

Plaintiff 3: Dillard's Standards for Off Duty Peace Officers Guidelines[1]

---

[1] Admissibility subject to Court's entry of a Protective Order as jointly submitted by the parties.

Plaintiff 4:   Dillard's Store Loss Prevention Guidelines[2]

Plaintiff 5:   Associate Agenda Protecting Assets and Video[3]

Plaintiff 6:   Dillard's Associate Work Rules and General Policies[4]

Plaintiff 7:   Dillard's Anti-Harassment Training Video[5]

## VI. Witnesses

The parties have disclosed all witnesses in accordance with Fed. R. Civ. P. 26(a)(3)(A). A list comprised of the names of all witnesses, their addresses and telephone numbers, if known, is as follows:

a. **For Plaintiff(s):**

<u>Name</u>     <u>Address</u>     <u>Telephone No.</u>

1. Artelia Phelps, 750 Garland Ave., Los Angeles, CA 90017

2. LaShonda Appling, 4002 Lara Ln, Apt. B, Chattanooga, TN 37416

3. Suzawn Patillo,* 4319 Howell Road, Chattanooga, TN 37411

4. Karen McDowell,* 8591 Stack Rock Lane, Ooltewah, TN 37363

5. Charles Nance,* 1101 Hawthorne Ln, Apt. 271, Charlotte, NC 28205

6. Jason Thompson,* 371 Deadmon Road, Ringold, GA 30736

7. Sgt. Jamie Barrow,* 8121 Kaitlin Lane, Ooltewah TN 37363

b. **For Defendant(s):**

<u>Name</u>     <u>Address</u>     <u>Telephone No.</u>

1. Sgt. Jamie Barrow, 8121 Kaitlin Lane, Ooltewah TN 37363

---

[2] Admissibility subject to Court's entry of a Protective Order as jointly submitted by the parties.
[3] Admissibility subject to Court's entry of a Protective Order as jointly submitted by the parties.
[4] Admissibility subject to Court's entry of a Protective Order as jointly submitted by the parties.
[5] Admissibility subject to Court's entry of a Protective Order as jointly submitted by the parties.

2. Suzawn Patillo, 4319 Howell Road, Chattanooga, TN 37411

3. Karen McDowell, 8591 Stack Rock Lane, Ooltewah, TN 37363

4. Charles Nance, 1101 Hawthorne Ln, Apt. 271, Charlotte, NC 28205

5. Jason Thompson, 371 Deadmon Road, Ringold, GA 30736

**VII.** **Other Matters**

a. **Trial:** This case is set for trial before the undersigned and a jury at 9:00 a.m. on May 7, 2024. Counsel shall be present on the first day before commencement of trial to take up any preliminary matters. The probable length of trial is 2 days. The parties should be prepared for trial on the scheduled date. If this case is not heard immediately, it will be held in line until the Court's schedule allows the trial to begin.

b. **Jury demand**: The Plaintiff has respectfully asked this Court to empanel jury of no fewer than six persons to hear and decide all questions of fault and damages sufficiently raised by the proof. The Defendant has respectfully asked this Court to empanel jury of no fewer than twelve persons to hear and decide all questions of fault and damages sufficiently raised by the proof.

c. **Possibility of Settlement:** The parties unsuccessfully mediated this case on April 9, 2024 in an attempt to resolve this matter. The parties have exchanged settlement offers but reached no agreement. Both parties remain open to the prospect of a pre-trial settlement and are open to ongoing negotiations in pursuit of this objective.

\* \* \*

This Final Pretrial Order shall supplant the pleadings and is agreed upon by the parties as of March 11, 2024. Fed. R. Civ. P. 16; *see U.S. v. Hougham*, 364 U.S. 310, 315 (1960); *see also*

*Ricker v. Am. Zinser Corp.*, 506 F. Supp. 1 (E.D. Tenn. Sept. 11, 1978), aff'd, 633 F.2d 218 (6th Cir. 1980).

SO ORDERED.

_____
**CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE**

**APPROVED AS TO FORM AND SUBSTANCE:**

*/s/ William R. Faulk*
Bruce M. Smith (TN 8513)
Jacob Webster Brown (TN 36404)
William R. Faulk (TN 39566)
Sara K. McKinney (TN 40900)
*Counsel for Plaintiff(s)*


*/s/ Brian C. Pike (by permission WRF)*
Clarence Risin (TN 16874)
Ashley B. Gibson (TN 34140)
Brian C. Pike (TN 38107)
*Counsel for Defendant(s)*